```
               UNITED STATES DISTRICT COURT
               EASTERN DISTRICT OF LOUISIANA
```

TAMEKA BLACKSTONE                            CIVIL ACTION

VERSUS                                       NO: 10-4604

CHASE MANHATTAN MORTGAGE                     SECTION: R(3)
CORPORATION, CHASE HOME FINANCE,
LLC, JPMORGAN CHASE BANK, N.A.,
NOVASTAR HOME MORTGAGE, INC., and
LIBERTY MUTUAL FIRE INSURANCE
COMPANY

## ORDER AND REASONS

Before the Court is plaintiff Tameka Blackstone's motion for leave to file a supplemental memorandum,[1] and Chase Manhattan Mortgage Corporation, Chase Home Finance, LLC, and JP Morgan Chase Bank, N.A's (collectively "Chase") motion to dismiss.[2] The Court grants plaintiff's motion for leave to file a supplemental memorandum but will not convert defendants' motion to dismiss to one for summary judgment. The Court further grants defendants' motion to dismiss because plaintiff has failed to allege any contractual promise that Chase breached and any representation by Chase on which plaintiff may have relied, but gives plaintiff leave to amend her complaint.

**I.    BACKGROUND**

On October 2, 2003, Tameka Blackstone entered into a mortgage with defendant Novastar Home Mortgage, Inc. in

---

[1]  R. Doc. 34.

[2]  R. Doc. 23.

connection with her purchase of property located at 4618 Coronado Drive, New Orleans, Louisiana.[3]  The mortgage was later transferred from Novastar to Chase.  Blackstone claims that under the mortgage agreement, she was required to pay funds for escrow items.[4]  Blackstone contends that the escrow items included "premiums for any and all insurance required by Lender under Section 5" of the mortgage agreement.[5]

Blackstone contends that "it was determined that her property was in a flood zone and would require flood insurance."[6] Plaintiff says she then began making escrow payments for flood insurance.[7]  According to plaintiff, she believed she had flood insurance and received notices advising her of the amount of the premium to be paid by the mortgagee.[8]

Blackstone claims that as a result of Hurricane Katrina, her home was flooded.[9]  She thereafter made a claim under her flood insurance policy but was advised that her flood insurance had

---

[3]  R. Doc. 1-2 at 2.

[4]  *Id.*

[5]  *Id.*

[6]  *Id.*

[7]  *Id.*

[8]  *Id.*

[9]  *Id.* at 3.

been cancelled.[10] Plaintiff asserts that Chase informed her that because her home was not located in a Special Flood Hazard Area, it did not require flood insurance.[11] Chase sent plaintiff a form dated September 24, 2003 indicating that her property was not in a Special Flood Hazard Area.[12] Blackstone alleges that at no time before Hurricane Katrina was she advised or otherwise aware that her home was not in a flood zone, or that the mortgage companies were not making payments on her flood insurance.[13] Instead, plaintiff contends that she had continued to make payments for escrow items and that her payments never decreased.[14]

On November 23, 2010, plaintiff sued Chase in state court asserting claims for breach of contract and detrimental reliance.[15] On December 22, 2010, Chase removed the action to this Court based on diversity jurisdiction.[16] Chase now moves to dismiss the claims asserted against it.[17] Blackstone opposes the

---

[10] *Id.*

[11] *Id.*

[12] *Id.*

[13] *Id.*

[14] *Id.*

[15] *Id.* at 3-4.

[16] R. Doc. 1.

[17] R. Doc. 23.

3

motion[18] and has filed a motion for leave to file a supplemental memorandum on the grounds that Chase's motion to dismiss should be treated as a motion for summary judgment.[19]

## II. LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1960 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949. A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 239 (5th Cir. 2009); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). But the Court is not bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 129 S.Ct. at 1949.

A legally sufficient complaint must establish more than a "sheer possibility" that plaintiff's claim is true. *Id.* It need not contain detailed factual allegations, but it must go beyond labels, legal conclusions, or formulaic recitations of the elements of a cause of action. *Id.* In other words, the face of

---

[18] R. Doc. 25.

[19] R. Doc. 34.

the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiff's claim. *Lormand*, 565 F.3d at 257. If there are insufficient factual allegations to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, the claim must be dismissed. *Twombly*, 550 U.S. at 555; *Jones v. Bock*, 549 U.S. 199, 215 (2007); *Carbe v. Lappin*, 492 F.3d 325, 328 & n.9 (5th Cir. 2007).

**III. DISCUSSION**

   *A) Plaintiff's Motion for Leave to File Supplemental Memorandum*

   In considering a motion to dismiss for failure to state a claim, a court must typically limit itself to the contents of the pleadings, including their attachments. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). "If, on a motion under 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). But uncontested documents referred to in the pleadings may be considered by the Court without converting the motion to one for summary judgment even when the documents are not physically attached to the complaint. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 (5th

Cir. 2002) (stating the district court properly considered documents not attached to the complaint in ruling on Rule 12(c) motion). The Court also may consider documents attached to a motion to dismiss without converting the motion into one for summary judgment if the documents are referred to in the complaint and are central to the plaintiff's claim. *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004) (citation omitted).

Here, plaintiff moves for leave to file a supplemental memorandum asserting that Chase's motion to dismiss should be treated as a motion for summary judgment. Plaintiff attaches four exhibits to her supplemental memorandum: (1) excerpts of the mortgage agreement;[20] (2) a Standard Flood Hazard Determination;[21] (3) a flood policy declaration from Prudential Financial;[22] and (4) a flood insurance renewal invoice from Liberty Mutual.[23] The Court finds that these documents are referred to in the complaint and are central to plaintiff's claims against Chase. The Court, therefore, grants plaintiff's motion for leave to file a supplemental memorandum and will consider the attached documents without converting Chase's motion into one for summary judgment.

---

[20] R. Doc. 34-3, Ex. 1.

[21] R. Doc. 34-4, Ex. 2

[22] R. Doc. 34-5, Ex. 3.

[23] R. Doc. 34-6, Ex. 4.

*See Gen. Retail Servs. Inc. v. Wireless Toyz Franchise, LLC*, 255 F. App'x 775, 786 (5th Cir. 2007) (holding plaintiff's reference to and attachment of franchise agreement excerpts in opposition to defendant's motion did not convert motion to dismiss to motion for summary judgment because plaintiff did not introduce support for arguments beyond the allegations in the complaint); *Shamrock Associated Indus., L.L.C. v. Fid. Nat'l Prop. & Cas. Ins. Co.*, No. 06-4093, 2006 U.S. Dist. LEXIS 96000, at *5 (E.D. La. Nov. 2, 2006) (holding court could consider a mortgage agreement not attached to the complaint in ruling on motion to dismiss because the complaint "refers to the mortgage numerous times[,] [t]he mortgage is attached to this motion, and is central to plaintiff's claims").

### B) *Motion to Dismiss*

*(i) National Flood Insurance Act ("NFIA")*

Any federally regulated lender making a loan secured by real property in a designated flood zone must require the purchase of insurance as a condition of making the loan. 42 U.S.C. § 4012a(b)(1). The NFIA requires the lender to perform a flood zone determination, notify the borrower whether the property is located in a flood zone and require flood insurance before making, increasing, extending or renewing any loan. *Id.*; 42 U.S.C. § 4104a. Courts consistently have held that the NFIA does not provide a private cause of action against a lender for

failure to make a proper flood zone determination.  *See Wentwood Woodside I, LP v. GMAC Commercial Mortg. Corp.*, 419 F.3d 310, 323 (5th Cir. 2005) ("Every single federal court to consider whether a federal private right of action arises under section 4012a has concluded that the federal treasury, not individual mortgagors . . . is the class the statute intends to protect."); *Till v. Unifirst Fed. Sav. & Loan Ass'n*, 653 F.2d 152, 158, 161 (5th Cir. 1981) (holding there is no federal private right of action for borrowers under the NFIA).  Although the Fifth Circuit in *Till* held that the lack of a federal cause of action does not per se eliminate the possibility of a state law claim against the lender, courts applying Louisiana law have held that any duty to make a correct flood zone determination arises from the NFIA and not state law.  *See Duong v. Allstate Ins. Co.*, 499 F. Supp. 2d 700, 702-04 (E.D. La. 2007) (holding plaintiff's negligence claims were preempted by the NFIA because any alleged duty to provide a correct flood zone determination arises out of the NFIA and not "from any other place in Louisiana law").

Defendant contends that plaintiff's claims relate to a flood zone determination and therefore arise out of the NFIA.  The Court recognizes that it is not necessary for a plaintiff to specifically refer to the NFIA for a claim to be construed as arising under the NFIA.  *See id.* at 703 ("The fact that the plaintiff did not plead a violation of the NFIA . . . is of no

moment in this Court."); *Callahan v. Countrywide Home Loans, Inc.*, No. 06-105, 2006 WL 2993178, at *1-2 (N.D. Fla. Oct. 20, 2006) (granting defendant's motion to dismiss even after plaintiff deleted all references to the NFIA from the complaint). But the allegations in plaintiff's complaint do not dispute the accuracy of the flood zone determination presented in the September 24, 2003 letter declaring that plaintiff's property was not in a flood zone.  Instead, Blackstone claims that Chase breached the mortgage agreement by failing to make flood insurance payments and that she detrimentally relied on the mortgage agreement and on the fact that her payments for escrow items never decreased.  The Court finds that plaintiff alleges that Chase's duty to make flood insurance payments arises from the mortgage agreement.  The Court, therefore, rejects Chase's argument that plaintiff's claims arise out of and are preempted by the NFIA.  *See Rentrop v. Nationwide Mut. Fire Ins. Co.*, No. 07-384, 2008 WL 2465288, at *3 (S.D. Miss. June 12, 2008) ("In my opinion, [mortgagee]'s duty to make these payments, if any, does not arise under the NFIA [,] [but] would arise, if at all, from the terms of the contracts that govern the business relationship between [mortgagee] and the plaintiffs or from the course of dealings concerning these premium payments."); *Bennen v. Allstate Ins. Co.*, No. 06-5742, 2006 WL 3240786, at *1-2 (E.D. La. Nov. 6, 2006) (holding that because plaintiff's claims did not challenge

"the handling, administration, or payment of his flood claim or compliance with the Act or the regulations[,] [t]he state law claims for breach of contract and tort are not preempted [by the NFIA]").

*(ii) Breach of Contract*

Plaintiff asserts breach of contract claims against Chase for failing to pay flood insurance premiums and for failing to notify plaintiff that her flood insurance was cancelled.[24] The only contract alleged between Chase and Blackstone is the mortgage. The parties' relationship, therefore, is governed by the mortgage contract. *See Whitfield v. Countrywide Home Loans Inc.*, 252 F. App'x 654, 656 (5th Cir. 2007) (noting that in flood coverage dispute the relationship between the borrower and lender was governed by the mortgage contract).

The common intent of the parties is used to interpret a contract. La. Civ. Code art. 2045. Under Louisiana law, when the words of a contract are clear, explicit and do not lead to absurd consequences, the Court makes no further search into the parties' intent. *Id.* art. 2046. To state a claim for breach of contract under Louisiana law, a plaintiff must allege a breach of a specific provision of the contract. *See Louque v. Allstate Ins. Co.*, 314 F.3d 776, 782 (5th Cir. 2003) ("To state a claim

---

[24] R. Doc. 1-2 at 3.

for breach of an insurance contract under Louisiana law, a plaintiff must allege a breach of a specific policy provision.").

The only contractual provision referred to in plaintiff's complaint states:

> Borrower shall pay to Lender on the day Periodic Payments are due under the Note, until the Note is paid in full, a sum (the "Funds") to provide for payment of amounts due for . . . c) premiums for any and all insurance required by Lender under Section 5.[25]

This provision, however, does not place any obligation on Chase to pay flood insurance premiums or to notify Blackstone if her flood insurance is cancelled. Plaintiff does not quote "Section 5" in her complaint or provide "Section 5" as part of the mortgage excerpts.[26] Further, the additional allegations in the complaint do not suggest that Chase undertook a contractual duty to pay flood insurance premiums or to notify plaintiff if she did not have flood insurance. *Compare Whitfield*, 252 F. App'x at 656 (affirming district court's grant of summary judgment because the terms of the mortgage contract did not require the mortgagee to maintain additional flood insurance on plaintiff's home), *and*

---

[25]  R. Doc. 1-2 at 2; R. Doc. 34-3, Ex. 1 at 4.

[26]  In her supplemental memorandum, plaintiff states that "Section 5 provides that the Borrower shall keep the property insured against, among other things, 'hazards, including but not limited to, earthquakes and floods.'" R. Doc. 34-2 at 2. The Court does not consider this statement in finding plaintiff's breach of contract claims should be dismissed because Section 5 is not included in plaintiff's complaint or in the mortgage agreement excerpts.

11

*Morris v. Countrywide Home Loans*, No. 06-5472, 2008 WL 638615, at *3-4 (E.D. La. Mar. 5, 2008) (holding the plain terms of the mortgage did not demonstrate any contractual duty on the mortgagee to procure coverage on plaintiff's property or to notify plaintiff of lapse in coverage), *with Rentrop v. Nationwide Mut. Fire Ins. Co.*, No. 07-384, 2008 WL 2465288, at *4 (S.D. Miss. June 12, 2008) ("In light of the allegations in Trustmark's third-party complaint, it appears to me that Trustmark agrees that it undertook a contractual duty to pay the premiums on this flood insurance policy and that Trustmark claims to have done just that."). Because the allegations in the complaint do not identify any contractual promise that Chase breached, the Court holds that plaintiff has not stated a claim for breach of contract. Accordingly, the Court grants Chase's motion to dismiss Blackstone's breach of contract claims.

  *(iii) Detrimental Reliance*

Chase also moves to dismiss plaintiff's detrimental reliance claim. Chase asserts that plaintiff's claim sounds in tort and therefore has prescribed under the one-year prescriptive period. In addition, Chase argues that plaintiff has not alleged sufficient facts to maintain a claim for detrimental reliance.

The Court finds that the applicable prescriptive period is ten years. That Chase raised the prescription argument for the first time in its reply brief is grounds alone to reject this

argument. *See Benefit Recovery, Inc. v. Donelon*, 521 F.3d 326, 329 (5th Cir. 2008) ("[A]rguments cannot be raised for the first time in a reply brief."). Chase's prescription argument also substantively fails. The Court recognizes that the applicable prescriptive period is not determined by the label of a cause of action, but "by the nature of the transaction and the underlying basis of the claim." *Copeland v. Wasserstein, Perella & Co.*, 278 F.3d 472, 479 (5th Cir. 2002) (citation omitted). In determining the applicable prescriptive period, the Fifth Circuit explained that "although *non* feasance in the performance of an obligation creates a cause of action that prescribes in ten years, *mis* feasance in the performance of a contract for professional services . . . gives rise to a claim in tort, which prescribes in one year." *Id.* (emphasis in original). Here, the claim is based on Chase's failure to pay flood insurance premiums from the escrow account. Further, plaintiff alleges that defendant breached a duty that was owed to her specifically, not a general duty owed to the public. *See Harrison v. Gore*, 27,254 (La. App. 2 Cir. 8/23/95); 660 So. 2d 563, 568 ("The classical distinction between 'damages *ex contractu*' and 'damages *ex delicto*' is that the former flow from the breach of a special obligation contractually assumed by the obligor, whereas the latter flow from the violation of a general duty owed to all persons."). The Court, therefore, finds that plaintiff's detrimental reliance

claim sounds in contract and is subject to a ten-year prescriptive period. *See Stokes v. Georgia-Pac. Corp.*, 894 F.2d 764, 770 (5th Cir. 1990) (holding detrimental reliance claim was subject to ten-year prescriptive period). Accordingly, plaintiff's claim has not prescribed.

Defendant also argues that plaintiff has not sufficiently pleaded a claim for detrimental reliance. Under article 1967 of the Louisiana Civil Code, "[a] party may be obligated by a promise when he knew or should have known that the promise would induce the other party to rely on it to his detriment and the other party was reasonable in so relying." La. Civ. Code. art. 1967. To state a claim for detrimental reliance, a party must allege: "(1) a representation by conduct or word; (2) justifiable reliance; and (3) a change in position to one's detriment because of the reliance." *Suire v. Lafayette City-Parish Consol. Gov't*, 2004-1459 (La. 4/12/05); 907 So. 2d 37, 59. The doctrine is "designed to prevent injustice by barring a party from taking a position contrary to his prior acts, admissions, representations, or silence." *Id.* But claims of detrimental reliance are "not favored in Louisiana [and] [d]etrimental reliance claims must be examined carefully and strictly." *In re Ark- La-Tex Timber Co.*, 482 F.3d 319, 334 (5th Cir. 2007).

The Court finds that plaintiff has failed to plead sufficient facts to state a detrimental reliance claim that is

14

plausible on its face.  Neither the allegations in the complaint nor the documents attached to plaintiff's supplemental memorandum state any representation by Chase on which plaintiff may have relied.  *See Oliver v. Cent. Bank*, 26,932 (La. App. 2 Cir. 5/10/95); 658 So. 2d 1316, 1323 ("A condition precedent to proving a claim for detrimental reliance is demonstrating the existence of a promise upon which the injured party could reasonably rely.").  Plaintiff asserts in her complaint that "it was determined that the property was in a flood zone and would require flood insurance."[27]  The complaint does not state, however, who represented that the property was in a flood zone.  Further, the Prudential Financial flood policy declaration provided by plaintiff states to the contrary.  The policy declaration designates plaintiff's property in Zone B, a Non-Special Flood Hazard Area.[28]  In addition, plaintiff does not allege any specific provision in the mortgage requiring plaintiff, as a matter of contract, to maintain flood insurance on the property, or requiring Chase to pay premiums for flood insurance from the escrow account.  Because plaintiff has failed to allege any representation by Chase upon which she relied, the Court holds that plaintiff has failed to plead sufficient factual content to allege a claim for detrimental reliance.  In so

---

[27]  R. Doc. 1-2 at 2.

[28]  R. Doc. 34-5, Ex. 3.

holding, the Court does not consider statements made in plaintiff's supplemental memorandum that were neither alleged in her complaint or in any document cognizable on this motion to dismiss.

**IV.   CONCLUSION**

For the foregoing reasons, the Court GRANTS Blackstone's motion to file a supplemental memorandum, and GRANTS Chase's motion to dismiss with leave to amend the complaint within TWENTY DAYS of the entry of this order.

New Orleans, Louisiana, this 19th day of July, 2011.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE